IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff/Respondent, | § | |
| V. | § | CR. No. C-04-435 |
| | § | C.A. No. C-05-425 |
| JESUS SALDANA-SALAZAR, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Jesus Saldana-Salazar's ("Saldana") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 16),[1] which was received by the Clerk on August 22, 2005. The Court ordered the government to respond, and, after seeking and receiving an extension of time, the government filed a Motion to Dismiss and for Summary Judgment. (D.E. 22). On December 7, 2005, Saldana-Salazar filed a response to the government's motion (D.E. 27), which the Court has also considered.

For the reasons discussed below, the Court DISMISSES Saldana-Salazar's § 2255 motion. Additionally, the Court DENIES him a Certificate of Appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1] Dockets entries refer to the criminal case, C-04-cr-435.

1

## II. FACTS AND PROCEEDINGS

Saldana-Salazar was the driver and sole occupant of a Chevrolet Malibu that arrived at the U.S. Border Patrol checkpoint in Falfurrias, Texas on July 20, 2004. While agents conducted an immigration interview, a canine alerted to the vehicle, and Saldana-Salazar was referred to the secondary inspection area. A consented search of the vehicle revealed 8 bundles of cocaine wrapped in black electrical and gray duct tape hidden in the dashboard. The net weight of the cocaine was 2.98 kilograms with an estimated value of $268,800. Saldana-Salazar was arrested and read his rights. He exercised his right to remain silent and did not answer any questions. Thus, he did not speak to either the Border Patrol Agents or the Drug Enforcement Agency Officer who later took custody of the case. (Presentence Investigation Report ("PSR") at ¶ 4-5).

On August 11, 2004, Saldana-Salazar was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 2.9 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 1). On September 29, 2004, Saldana-Salazar pleaded guilty. (D.E. 10). There was no written plea agreement.

Sentencing occurred on December 8, 2004. The Court determined that Saldana-Salazar's base offense level was 28, and that he should receive a three-level reduction for acceptance of responsibility, resulting in a total offense level of 25. (D.E. 24, Sentencing Transcript ("S. Tr.") at 6; PSR at ¶¶ 11-19. Coupled with his criminal history category of I, the resulting imprisonment guideline range was 57 to 71 months. Because the offense had a statutory mandatory minimum sentence of 60 months, however, Saldana-Salazar's

guideline range was 60 to 71 months. The Court sentenced Saldana-Salazar to 60 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 special assessment. (D.E. 14, 15). Judgment of conviction and sentence was entered December 9, 2004. (D.E. 15).

Saldana-Salazar did not appeal. His § 2255 motion was received by the Clerk on August 22, 2005. (D.E 16). It is timely.

### III. MOVANT'S ALLEGATIONS

In his original motion, Saldana-Salazar challenges the fact that he did not receive so-called "safety valve" relief at sentencing. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. The safety valve allows the court to sentence certain defendants without regard to the statutory minimum. U.S.S.G. § 5C1.2. He argues that the PSR's failure to recommend application of safety valve relief was in error, and that the Court erred in not granting such relief. He claims that he qualified for safety valve relief and should have been given a two-level reduction in his offense level.

In his objections and response to the government's motion to dismiss, he argues that he is not making a direct claim that the Court erred in refusing to give him safety valve relief. Instead, he is claiming that he was denied effective assistance of counsel because his counsel failed to challenge the PSR's omission of safety-valve relief and failed to obtain such relief for him. (See generally D.E. 27).

## IV. DISCUSSION

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

### B. Claim That Court Erred In Not Granting Safety Valve Relief

To the extent that Saldana-Salazar is making a direct claim that the Court erred in not granting him safety valve relief, his claim is not cognizable here. As an initial matter, he failed to raise this sentencing complaint on direct appeal, and so his allegation is procedurally barred from consideration here. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice or (2) that he is factually innocent of the crime charged. Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611 (1998); United States v. Jones,

4

172 F.3d 381, 384 (5th Cir. 1999). In this case, Saldana-Salazar has previously admitted his guilt and does not argue that he is actually innocent. Further, he offers no explanation as to why he failed to raise this issue on appeal. His claim is thus procedurally barred.

Moreover, misapplication of the sentencing guidelines is not a cognizable claim in a § 2255 motion. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). For these reasons, to the extent he is attempting to make a direct claim that the Court erred in not granting him safety valve relief, his claim is DENIED.[2]

**C.      Ineffective Assistance of Counsel Claim**

    **1.      Ineffective Assistance – General Standards**

Saldana-Salazar's ineffective assistance of counsel claim is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"), cert.

---

[2] His related argument that his counsel was ineffective for failing to ask for safety valve relief is discussed infra at Section C.

denied, 514 U.S. 1071 (1995); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In order for Saldana-Salazar to show that he suffered prejudice due to his counsel's actions at ***sentencing***, he must show that there is a reasonable probability that but for counsel's alleged error, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). As discussed herein, there is no evidence to support any contention that, but for counsel's alleged error, Saldana-Salazar would have received a different sentence.

### 2. Failure to Obtain Safety Valve Relief

The safety valve allows the court to sentence certain defendants without regard to the statutory minimum. U.S.S.G. § 5C1.2. A defendant must meet all of the following criteria to be eligible for the safety valve:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the

> defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). Although it appears that Saldana-Salazar met the first four requirements set forth above, he has offered no evidence showing that he met the requirements of § 3553(f)(5), nor does the record in this case contain any such evidence.

Saldana-Salazar's PSR indicates that he exercised his right to silence on the day of his arrest, and that he did not make a statement to either Border Patrol agents or DEA agents. (PSR at ¶¶ 4-5). There is nothing in the PSR to indicate that he debriefed at any later time. Moreover, he does not now provide any specifics to show that he truthfully provided "all information and evidence" to the government regarding his offense. In particular, he does not allege who he spoke with, or what he told them. Quite simply, he has not made any showing that he was entitled to safety valve relief.

Accordingly, Saldana-Salazar cannot establish prejudice. That is, he has not shown a reasonable probability that he would have been sentenced differently had his counsel argued for the application of the safety valve at sentencing. Cf. Phillips, 210 F.3d at 350. Because he cannot show prejudice, his ineffective assistance claim fails.

### D.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Saldana-Salazar has not yet filed a notice of appeal, this

Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Saldana-Salazar's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Saldana-Salazar is not entitled to a COA as to his claims.

## V. CONCLUSION

For the aforementioned reasons, Saldana-Salazar's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 22) 16 DENIED. Additionally, the Court DENIES Saldana-Salazar a Certificate of Appealability.

ORDERED this __8__ day of __April__, 2006.

                                                  HAYDEN HEAD
                                                CHIEF JUDGE